## Gastley et al. v. American Stores Company

*Weiss, Rhoads & Sinon,* and *Shettig and Swope,* for plaintiffs.

*Spence, Custer & Saylor,* for defendant.

GRIFFITH, J., May 3, 1948.—Plaintiffs' complaints set forth that each of them entered into a written agreement, dated August 30, 1937, with defendant, whereby defendant engaged their services in transporting defendant's commodities; that said contract ran from year to year unless notice was given of intention to terminate, and that such notice was not given.

As to compensation, the contract provided as follows:

"9. The parties mutually agree that the compensation for such service outlined above shall not be fixed but shall vary with the tonnage, mileage, loading and unloading time, number of stops, road and weather conditions. The parties hereto shall from time to time make such adjustments of the compensation as shall be mutually agreed upon by the parties. COMPANY hereby guarantees to CARRIER compensation at least equal to the full cost of operation of the typical or average operator of the same class as CARRIER for similar service, plus a reasonable profit. The minimum of such charges to be paid shall be subject to review, fixing and ascertainment by any regulatory body having jurisdiction thereof."

Plaintiffs further aver the costs of operation of the typical or average operation for the years 1937 to 1946, inclusive, and reasonable profits to which each plaintiff was entitled; the total amount to which each plaintiff was entitled, and the amounts actually received for the years in question. It is averred that defendant guaranteed to each plaintiff annual compensation "at least to the full cost of operation of the typical or average operator of the same class as carrier for similar service, plus a reasonable profit;" and that although demand has been made for this amount, defendant has refused to pay.

Preliminary objections were filed to each complaint by defendant, setting up that the contract sued upon is void and unenforcible by reason of being vague and indefinite.

It is the settled rule of law in contract actions that an agreement in order to be binding must be sufficiently definite and certain as to enable the court to determine its exact meaning and fix the legal liability of the parties. Indefiniteness which may render a contract unenforcible may relate to the time of performance, the price to be paid, the work to be done, or other aspects of the agreement. If a contract makes no mention as to the price to be paid, the law invokes the standard of reasonableness, and the fair value of the service or property is recoverable. However, if the terms of the agreement are uncertain as to price or amount and exclude the supposition that a reasonable price was intended, the contract is void: 1 Williston on Contracts §37, et seq.; 12 Am. Jur. 554 et seq., §64 et seq.

"The law does not favor, but leans against the destruction of contracts because of uncertainty": Rossmassler v. Spielberger, 270 Pa. 30, 41. "The determination that an agreement is sufficiently definite is favored. The courts will, if possible, so construe the agreement as to carry into effect the reasonable inten-

tion of the parties if that can be ascertained": 12 Am. Jur. 556. "It is sometimes said that less certainty is required to warrant a recovery of damages than to warrant the remedy of specific performance": 12 Am. Jur. 556. "The objection of indefiniteness may be obviated by performance and acceptance of performance": 12 Am. Jur. 558.

In the case of Brunner v. Stix Co., 181 S. W. (2d) 643, (Missouri, 1944), defendant agreed to pay "whatever amount should be found to be the reasonable value thereof after said plan had first been tested and tried." Defendant used plaintiff's plan and refused to make payment. In permitting recovery the court said, page 645: "The rule with respect to contracts executed except for payment is that there arises an implied promise to make reasonable payment."

In Beech v. Aircraft Corp. v. Ross, 155 F. (2d) 615 (C. C. A. 1946), the contract for manufacture of goods provided for an estimated price per unit, subject to revision after completion of the first 100 units, with provision that any changes in contract prices were to be effected by mutual agreement, and in accordance with such provisions the parties revised the originally estimated prices upward with the further agreement that the revised prices were subject to final revision based upon a time study of cost analysis. In refusing recovery in this case the court called attention to the fact that the cost analysis was specified by the agreement to be used only as a basis for negotiations between the parties, but said that if the agreement had provided that a reasonable profit or a just and equitable price should be paid the court would have given effect to the intention of the parties by determining a reasonable amount. The court said, page 617:

"Thus, if the contract provides for the payment of a reasonable or a just and equitable price, and the parties are unable to agree upon what is reasonable or just and equitable, the courts will imply that the parties

intended for the court to determine a reasonable price as a consideration for the contract."

In Millspaugh v. McKnab, 7 P. (2d) 51 (Kansas, 1932), the court permitted recovery on a contract of employment to obtain oil and gas leases which provided for compensation to be graduated and determined by the success of the emplòye's endeavors and the value of the lease as shown by development thereon.

In United States v. Swift, 270 U. S. 124, 46 S. Ct. 308, 314, the court said: "Under ordinary conditions, a valid agreement can be made for purchase and sale without the fixing of a specific price. In such a case a reasonable price is presumed to have been intended." "After services or materials have been furnished and accepted, the fact that no price had been agreed on or that the compensation mentioned in the agreement is too indefinite does not prevent the recovery of reasonable compensation": 12 Am. Jur. 562.

In Cortell v. Summit Thread Co., 167 Atl. 79 (Maine), plaintiff by agreement assigned patents to defendant and agreed to turn over all future inventions provided "reasonable recognition will be made to him," and "the basis and amount of recognition to rest entirely with" defendant. It was provided further, however, that "all of the above is to be interpreted in good faith on the basis of what is reasonable and intended and not technically." Pursuant to the contract plaintiff turned over several inventions to defendant for which he received no compensation. The defense was the indefiniteness of the provision for compensation. The court, however, found for plaintiff, saying, page 82:

"They both promised with contractual intent. . . . 'Reasonable recognition' seems to have meant what was fair and just between the parties; that is, reasonable compensation. . . . Its promise was not purely illusory. It was bound in good faith to determine and

pay the plaintiff the reasonable value of what it accepted from him."

In Noble v. Joseph Burnett Co., 94 N. E. 289 (Mass.), plaintiff agreed to devote his efforts to produce formulae and the firm was to make use of them and pay plaintiff "a fair and equitable share of the net profits" arising from the sale of such compounds. The court found this agreement was not too indefinite to be enforced, and said:

"*The work has been done* and the bill alleges that great profits have accrued and the only thing to be done is for the defendants to pay over a fair and equitable share of the profits. . . . The plaintiff simply asks that this rule shall be applied *not to future probabilities but to past facts.* There is nothing to show that the rule is so indefinite or that its application is so impracticable that it cannot be applied with reasonable certainty to the circumstances under which the profits were made." (Italics supplied.)

Likewise in Sieck v. Hall, 34 P.(2d) 844, the court said:

"Where a contract was evidently made for the rendition of services for some agreed compensation and the contract is *no longer executory on both sides* but the services stipulated for have been performed, the court should regard with caution a contention that the arrangement to pay for them was either so vague or so imperfectly understood as to be unenforceable." (Italics supplied.)

Bearing in mind the rule that after the contract has been executed the fact that the compensation mentioned in the agreement is indefinite will not permit the recovery of reasonable compensation except where the terms of the contract exclude the supposition that reasonable compensation was intended, we believe that the present contract is enforcible. It may be difficult for each plaintiff to prove what a reasonable compensation is and it may be that he has already received

a reasonable compensation, but that is a matter to be determined upon trial and not in considering preliminary objections.

Defendant calls attention to the sentence in the paragraph providing for compensation, which reads as follows: "The parties hereto shall from time to time make such adjustments of the compensation as shall be mutually agreed upon by the parties." If this were the only provision for compensation contained in the contract, it would be unenforcible as being an agreement to agree at a future date: Paper Mill Supply Co. v. Container Corporation of America, 301 Pa. 62; Oliver Construction Co. v. Reeder, 66 S. E. 955 (Ga.) ; Watts v. Weston, 62 Fed. 136; 12 Am. Jur. 521, 561. However, the next sentence of the compensation provision in the contract we believe is sufficiently definite as to make the contract an enforcible one. It reads as follows: "Company hereby guarantees to carrier compensation at least equal to the full cost of operation of the typical or average operator of the same class as carrier for similar service, plus a reasonable profit." Instead of excluding the supposition that a reasonable amount was intended, this sentence affirmatively states that a reasonable price was intended.

Defendant cites the case of Butler v. Kemmerer, 218 Pa. 242, in which it was agreed that defendant would divide his profits with the plaintiff on a "liberal basis." The court denied recovery on the ground of indefiniteness, but we believe on the ground that the use of the word "liberal" excluded the supposition that a reasonable compensation was contemplated.

Likewise in the case of Machen v. Budd Wheel Co., 294 Pa. 69, plaintiff turned over certain patent applications to defendant on an alleged verbal agreement that defendant would, among other things, increase his salary from time to time "in proportion to the increased use of the invention." The court pointed out that in the first year of manufacture 339 articles were pro-

duced, but that in 1926 1,658,765, or more than 4,800 times as many, were manufactured and that the parties could not have contemplated that plaintiff's salary was to be increased 4,800 times, which would have made it $19,200,000 for the year 1926. It, therefore, appears that in this case the court found that the contract excluded the supposition that reasonable compensation was contemplated.

Therefore, we enter the following

*Decree*

And now, May 3, 1948, after argument and upon due consideration, it is hereby ordered and decreed that defendant's preliminary objections are overruled, and defendant is given the right to plead over within 20 days.